Winters *v.* The State.

WINTERS, in error, *v.* THE STATE.

COSTS. *Justices of the peace.* The costs which are due a justice of the peace for preliminary trial for a felony, are not forfeited because he failed to take down the testimony in writing, as the law requires him to do.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. L. B. HORRIGAN, J.

——— ——— for Winters.

ATTORNEY-GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

The question in this case is, whether a justice of the peace, who issues a warrant to arrest a party on charge of a felony, a larceny in this case, and fails to take down the testimony on the preliminary trial before himself, the prisoner having been discharged by him, is entitled to have the costs of what he actually did, taxed in his favor, or can he be held to have forfeited these costs, on a motion made by him to have them certified for payment.

The costs claimed are, for affidavit to procure warrant, 50 cents; docketing, 15 cents; judgment, 75 cents; subpœnas, etc. The circuit judge held the pro-

visions for taking down the testimony mandatory and important, and failure to comply with them forfeited all costs otherwise due the justice.

. We do not see how the conclusion follows, even admitting the premise, that these provisions are mandatory, unless it had been so prescribed by statute, and we know of none. He might be held possibly liable for malfeasance or non-feasance in office for his failure. In fact his conduct is always reprehensible · when he fails to comply with the law, but certainly we know of no law by which he incurs any particular forfeitures—certainly none prescribes that the other fees due him for services rendered in the case, shall be the penalty in such a case, to be adjudged on the motion to certify the bill of costs.

It might be well for the Legislature to make such a rule, but until it is done, we cannot, on our views of propriety, do so.

Reverse the judgment, and direct the bill of costs be certified.